# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

HAROLD EUGENE SMITH
ADC #117926                                                                                           PETITIONER

VS.                                            5:07CV00014 JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## MEMORANDUM AND ORDER

### I. Background

Pending before the Court[1] is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Harold Eugene Smith. (Docket entry #1.) Respondent has filed a Response.[2] (docket entry #8). Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case. On May 16, 2000, Petitioner entered a guilty plea, in Pulaski County Circuit Court, to first-degree murder and attempted aggravated robbery.[3] (Docket entry #8, Ex. 1.) Petitioner was sentenced to an aggregate of 420 months in the Arkansas Department of Correction. *Id.*

---

[1] The parties have consented in writing to proceedings before a United States Magistrate Judge. (Docket entry #9.)

[2] Although the Court entered an Order (docket entry #11) directing Petitioner to file a Reply addressing the arguments raised in the Response, he declined to do so.

[3] Petitioner's Judgment and Commitment Order was entered on June 6, 2000. (Docket entry #8, Ex. 1.)

On September 27, 2002, Petitioner filed a *pro se* "Petition for Reduction of Sentence" raising various post-conviction claims.[4] *See Smith v. State*, 2003 WL 21490758, at *1 (Ark. June 23, 2003) (reciting procedural history).   On December 5, 2002, the trial court denied the Petition.

Petitioner attempted to appeal the denial of post-conviction relief to the Arkansas Supreme Court by filing a motion requesting an extension of time to file an appellate brief. On June 26, 2003, the Arkansas Supreme Court denied the motion, as moot, and dismissed Petitioner's appeal. *Smith v. State*, 2003 WL 21490758 (Ark. June 23, 2003) (unpublished decision).   In doing so, the Court explained that Petitioner's Rule 37 Petition was untimely and, because the time limits of Rule 37 were "jurisdictional in nature," the trial court did not have jurisdiction to consider the postconviction Petition.[5] *Id.*

Petitioner filed his federal habeas action on January 22, 2007. (Docket entry #1.) Petitioner argues that: (1) he was provided ineffective assistance of counsel; (2) witnesses provided law enforcement authorities with inconsistent statements; and (3) there was "insufficient proof" to support his conviction because the only evidence against him was contained in his statement. (Docket entry #1.)  Respondent argues that Petitioner's claims are: (1) barred by the statute of limitations; (2) procedurally defaulted; and (3) fail on the merits.  For the reasons discussed below, the Court agrees that this habeas action is barred by the statute of limitations, and, for that reason,

---

[4]In support of his postconviction claims, Petitioner relied on Ark. Code Ann. § 16-90-111 (1987), which had been superseded, in 1994, by Rule 37 of the Arkansas Rules of Criminal Procedure. *See Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994).

[5]Rule 37 makes it clear that, if a defendant enters a guilty plea, his Rule 37 Petition asserting post-conviction claims must be filed within 90 days of the entry of judgment based on that guilty plea.  In this case, Petitioner entered a guilty plea on May 16, 2000.  The trial court entered the Judgment and Commitment Order on June 6, 2000.  Thus, his Rule 37 Petition was filed over two years beyond the 90-day deadline specified in Rule 37.

the Petition must be denied.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Under Arkansas law, Petitioner could not appeal his guilty plea.  Ark. R. Crim. P. – App. 1(a).  Thus, for purposes of the AEDPA, Petitioner's conviction was "final" on June 6, 2000, the date the trial court entered the Judgment and Commitment Order based on the guilty plea.  (Docket entry #8, Ex. 1.)  From that date, Petitioner had one year, until June 6, 2001, in which to file this federal habeas action.

Petitioner initiated this habeas action on January 22, 2007, approximately 5 1/2 years after the expiration of the one-year statute of limitations.

The AEDPA also provides, however, that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal.  *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

While Petitioner sought postconviction relief on September 27, 2002, his motion was filed well *after* the limitations period had already expired on June 6, 2001. Where a state post-conviction motion is filed under these circumstances, the filing has no statutory tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period). Thus, Petitioner

cannot avail himself of statutory tolling in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, the Eighth Circuit has cautioned that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003). Accordingly, equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000). Petitioner has not come forward with any argument or evidence to establish equitable tolling of the limitations period.

Thus, the Court concludes that this habeas action is time-barred.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus (docket entry #1) is DENIED, and the case DISMISSED, WITH PREJUDICE.

Dated this 26th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE